UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHARLOTTE E. NICHOLAS,

     Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, CHARLOTTE E. NICHOLAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, FIRSTSOURCE ADVANTAGE, LLC, is a limited

liability company and citizen of the State of New York with its principal place of

business at 205 Bryant Woods South, Amherst, New York 14228.

5.      Defendant regularly uses the mail and telephone in a business the

principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other

parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection

of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from

transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on her

residential telephone on or about the dates stated:

December 5, 2009 – Pre-Recorded Message
This is a confidential and important message meant solely for Charlotte
Nicholas. This is Edward (inaudible) calling with Firstsource Advantage,
LLC. Very important that you return my call. Call me toll-free at 888-267-
5214 and refer to reference number 14.

December 7, 2009 – Pre-Recorded Message
This is a confidential and important message meant solely for Charlotte
Nicholas. This is Edward (inaudible) calling with Firstsource Advantage,

LLC. Very important that you return my call. Call me toll-free at 888-267-5214 and refer to reference number 14.

December 14, 2009
This a confidential and important message meant solely for Charlotte Nicholas.  This is Edward (inaudible) calling with Firstsource Advantage, LLC. It's very important that you return my call. Call me toll-free at 888-267-9214. Refer to reference number 14328193. Office will be open until 9:00 Eastern Standard Time. Thank you.

December 19, 2009
This a confidential and important message meant solely for Charlotte Nicholas.  This is Edward (inaudible) calling with Firstsource Advantage, LLC. It's very important that you return my call. Call me toll free at 888-267-5214 and refer to reference number 14328193. Our office will be open until 9:00 Eastern Standard Time today. Thank you.

11.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages.

14.    Defendant knew it was required to communicate its status as a debt

collector and the purpose of its call in telephone messages to Plaintiff.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

15.     Plaintiff incorporates Paragraphs 1 through 14.

16.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.     Plaintiff incorporates Paragraphs 1 through 14.

18.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

19.    Plaintiff incorporates Paragraphs 1 through 14.

20.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21.    Plaintiff incorporates Paragraphs 1 through 14.

22.     Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit;

    c.     declaring that Defendant's practices violate the FCCPA;

    d.     permanently injoining Defendant from engaging in the complained of practices; and

    e.     Such other or further relief as the Court deems proper.

### COUNT V
### HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23.     Plaintiff incorporates Paragraphs 1 through 14.

24.     By failing to disclose that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit;

      c.    declaring that Defendant's practices violate the FCCPA;

      d.    permanently injoining Defendant from engaging in the complained of practices; and

      e.    Such other or further relief as the Court deems proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: <u>s/ Donald A. Yarbrough</u>
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658